IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF WHEELING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09 C 3124 ) ) Honorable Charles R. Norgle |
| AMELIO FRAGASSI, et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is defendant United States Postal Service's ("USPS") FED. R. CIV. P. 12(b)(1) and 12(b)(6) motion to dismiss. For the following reasons, the motion is granted.

## I. BACKGROUND

On October 31, 2008, plaintiff Village of Wheeling ("Wheeling") filed a one-count condemnation complaint (the "Complaint") in the Circuit Court of Cook County against the USPS, Amelio Fragassi, Cecilia Fragassi and Rita Fragassi, as co-trustees of the Cecilia Fragassi revocable trust and the beneficiaries of the Cecilia Fragassi revocable trust (collectively the "Fragassis"). Wheeling alleges in the Complaint that the Village needs to acquire certain real property located at 272 W. Dundee Road in Wheeling, Illinois (the "272 W. Dundee Property"), as well as certain easements, "in order to construct a signalized intersection to serve the Town Center or municipal campus which is under construction." See Compl. ¶ 7. The Fragassis own the 272 W. Dundee Property, id. ¶ 14, and lease the Property to the USPS. See USPS Mem., Ex. B; Wheeling Resp. at 2. The USPS owns and operates a post office on the property adjacent to the 272 W. Dundee Property, located at 250 W. Dundee Road.

On December 18, 2008, the Cook County Sheriff served a copy of the Complaint on the postmaster of the post office located at 250 W. Dundee Road. Pl.'s Resp., Ex. B. According to Wheeling, on December 31, 2008, "counsel for the [USPS], called counsel for [Wheeling] and acknowledged receipt of the summons and complaint." Id. at 2. On March 5, 2009, Wheeling obtained service of the Complaint by publication through the Chicago Daily Law Bulletin. Id., Ex. F. When the USPS subsequently failed to file its appearance, Wheeling claims that its counsel contacted the USPS' counsel, who "stated that the [USPS] had to be served via its General Counsel." Id. at 3. On April 23, 2009, Wheeling served an alias summons and the Complaint on the USPS' general counsel. Id., Ex. G. On May 22, 2009, the USPS removed Wheeling's Complaint to this Court, pursuant to 39 U.S.C. § 409(a) and 28 U.S.C. § 1442(a).

On June 1, 2009, the USPS answered Wheeling's Complaint. The USPS' answer raised four affirmative defenses, including sovereign immunity and lack of jurisdiction. On December 1, 2009, the USPS filed a motion to dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) (the "Motion"). The Motion is now fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Even after Twombly, courts must still approach motions under Rule 12(b)(6) by construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [its] favor.'" Hecker v. Deere & Co, 556 F.3d 575, 580 (7th Cir. 2009) (quotations omitted); see also Ezekiel v. Michel, 66 F.3d 894, 897 (7th

Cir. 1995) ("When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). A district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

## B. The USPS' Motion

The USPS' Motion contends that Wheeling's Complaint must be dismissed because the USPS has not waived its sovereign immunity and the Complaint does not satisfy the conditions for a statutory waiver under 28 U.S.C § 2410. See Macklin v. U.S., 300 F.3d 814, 820 (7th Cir. 2002) ("It is axiomatic that the United States as sovereign cannot be sued without its consent."). The USPS also claims that Wheeling's attempted condemnation is barred by the Property and Supremacy Clauses of the Constitution.

### 1. Removal of the Complaint

Wheeling responds that the USPS' Motion should be denied because the USPS improperly removed this action from the Circuit Court of Cook County. Wheeling first asserts that the USPS' removal was not timely under 28 U.S.C. § 1446(b). Section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." In Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999), the Supreme Court clarified that under § 1446(b) "a named defendant's time to remove is . . . not [triggered] by mere receipt of the complaint unattended by any formal service."

3

According to Wheeling, the USPS did not remove this action until 155 days after it was served, rendering the removal untimely. However, 39 C.F.R. § 2.2, which governs service of process on the USPS, states that "[t]he General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service . . . ." Accordingly, the USPS can only be formally served through its general counsel. Cf. Hinton v. U.S. Postal Serv., No. 94-3298, 1995 WL 603337, at *1 (6th Cir. Oct. 12, 1995). In the present case, Wheeling acknowledges that it did not serve the USPS' general counsel until April 23, 2009. Although the USPS may have had actual notice of Wheeling's Complaint prior to April 23, 2009, under Murphy, § 1446(b)'s thirty-day period for removal is only tolled by formal service, not "mere receipt of the complaint." 526 U.S. at 348. As a result, the USPS' May 22, 2009 removal was timely under § 1446(b) because it occurred within thirty days of Wheeling's formal service of the USPS.

Wheeling also argues that the USPS' removal was improper because there was no independent basis for removal under 28 U.S.C. § 1442(a) or 39 U.S.C. § 409(a). Section 1442(a) states in pertinent part that:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

Wheeling states that § 1442(a)(1) is not applicable because the USPS "has not been sued in an official capacity for any act under color of such office . . . ." Wheeling Resp. at 7. Wheeling, though, fails to cite any authority for this interpretation of § 1442(a)(1). Moreover, a recent Sixth Circuit case explicitly rejected the proposition that a United States agency can only remove an action pursuant to § 1442(a)(1) when it is sued in an official or individual capacity for

4

an act under color of such office. See City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 389-90 (6th Cir. 2007). The Cookeville court noted that such an interpretation "does not make sense because the United States and federal agencies are not 'sued in an official or individual capacity' and are not sued for an 'act under color of such office.'" Id. at 389. The court therefore concluded: "Our independent reading of the text of § 1442(a)(1) is . . . that a federal agency defendant may remove without more." Id. at 389-90. This Court finds the reasoning of Cookeville persuasive and thus concludes that the USPS' removal of this action was proper under § 1442(a)(1).

### 2. FED. R. CIV. P. 71.1(e)(3)

Wheeling next claims that the USPS' motion is barred by FED. R. CIV. P. 71.1(e)(3). Rule 71.1 "govern[s] proceedings to condemn real and personal property by eminent domain . . . ."[1] FED. R. CIV. P. 71.1(a). Rule 71.1(e)(3), titled "Waiver of Other Objections and Defenses," provides that "[a] defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." According to Wheeling, under Rule 71.1(e)(3), the USPS' motion to dismiss must be stricken "as the only proper response to a complaint for condemnation is an answer." Wheeling Resp. at 5.

The Court first notes that Rule 71.1(e)(3) bars motions "asserting an *additional* objection or defense." In the present case, the USPS' motion only raises defenses that were contained in its answer. See generally USPS Answer. In addition, although there is scant case law in the Seventh Circuit interpreting Rule 71.1, City of Davenport v. Three-Fifths of an Acre of Land, 147 F. Supp. 794 (S.D. Ill 1957), aff'd, 252 F.2d 354 (7th Cir. 1958) provides some indication that courts will, at times, interpret Rule 71.1 in a liberal manner. In Davenport, plaintiff filed a condemnation action and defendant filed a motion to dismiss instead of answering the complaint.

---

[1] Rule 71.1 was formerly designated Rule 71A and was redesignated in 2007.

Id. at 795. The Davenport court ultimately decided not to strike the motion and instead "consider[ed] the motion to dismiss as an answer in order that the matter may be determined upon its merits rather than upon a strict construction of procedure." Id. at 796.

As in Davenport, the Court declines to strike the USPS' Motion. The Court finds that the USPS presents a stronger argument for having its Motion determined on the merits than the Davenport defendant because here the USPS filed an answer containing affirmative defenses prior to its Motion. Also, the Court can better ensure a prompt determination of the parties' rights by considering the merits of the USPS' Motion. See Gov't of the Virgin Islands v. 19.623 Acres of Land, 536 F.2d 566, 569 (3d Cir. 1976) ("One of the major purposes of Rule 71A is to simplify condemnation proceedings so that the rights of the parties may be determined promptly and with assurance."); see also ANR Pipeline Co. v. .538 Acres of Land, No. 05 C 2717, 2006 WL 2927602, at *3 (N.D. Ill. Oct. 6, 2006) (same); Davenport, 147 F. Supp. at 796 ("The obvious purpose of Rule 71A(e) is to prevent delay and dilatory tactics on the part of the defendant."). In this instance, striking the USPS' Motion would only serve to unnecessarily delay these proceedings, thus defeating one of the major purposes of Rule 71.1. Therefore, the Court concludes that the USPS' Motion is not barred by Rule 71.1.

### 3. Sovereign Immunity

Wheeling finally asserts that even if the Court considers the merits of the USPS' Motion, the Motion should be denied because, contrary to the USPS' claims, the USPS' sovereign immunity was statutorily waived under 28 U.S.C. § 2410. Section 2410(a), titled "Actions affecting property on which United States has lien," states as follows:

> [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(b) subsequently provides that "[t]he complaint or pleading [described in § 2410(a)] shall set forth with particularity the nature of the interest or lien of the United States."

Wheeling concedes that the USPS does not have a mortgage or lien on the 272 W. Dundee Property. See Wheeling Resp. at 10. Wheeling, however, relies on the language of § 2410(b) to argue that § 2410 waives sovereign immunity not just for condemnation actions where the United States has a "mortgage or other lien" on the property in question, but also in those actions where the United States has an "interest" in the property. According to Wheeling, the USPS' lease of the 272 W. Dundee Property constitutes an "interest" sufficient to waive the USPS' sovereign immunity under § 2410.

Importantly, "waivers of sovereign immunity under section 2410(a) must be read narrowly." Schmidt v. King, 913 F.2d 837, 839 (10th Cir. 1990); see also Shaw v. Rippel, 224 F. Supp. 77, 79 (D.C. Ill. 1963). Wheeling, nevertheless, asks the Court to adopt a broad interpretation of § 2410, but fails to cite any cases that support such an interpretation. In fact, a review of § 2410 caselaw reveals that courts consistently reject attempts to broaden the scope of § 2410. See Harrell v. U.S., 13 F.3d 232, 234 (7th Cir. 1993) (holding that § 2410(a) was inapplicable where the government had title to the wages plaintiff paid to the Internal Revenue Service); see also Haggard v. Lancaster, 320 F. Supp. 1252, 1255 (N.D. Miss. 1970) (noting that

courts strictly interpret § 2410, "holding that the interest of the United States in the property involved must be plainly classifiable as a mortgage or other lien, thus giving to the word 'lien' a narrow, conservative construction"); Reeves v. U.S., 217 F. Supp. 939, 940 (D. Ore. 1963) (holding that the government's leasehold interest in a tract of land did not constitute a lien and therefore did not fall under the scope of § 2410); Shaw, 224 F. Supp. at 79 (holding § 2410 "waives sovereign immunity of the United States only when there is involved a quiet title action or a mortgage foreclosure").

Absent any authority to the contrary, the Court reads § 2410 narrowly, as it must, and finds that the statute's waiver of sovereign immunity only applies where the United States claims a mortgage or lien on the property at issue. Accordingly, the Court concludes that § 2410 does not waive the USPS' sovereign immunity because the USPS only leases the 272 W. Dundee Property and a lease is not plainly classifiable as a mortgage or lien. Given that no voluntary or statutory waiver of the USPS' sovereign immunity has occurred, Wheeling's Complaint must be dismissed with respect to the USPS for failure to state a claim. See Watson v. Bush, No. 09-cv-1871, 2010 WL 1582228, at *8 (N.D. Ill. April 20, 2010) ("Because Plaintiff's claims against the Federal Defendants are in effect claims against the United States, and Plaintiff has failed to identify a statute waiving the federal government's sovereign immunity, those claims are dismissed pursuant to Rule 12(b)(6)."); see also Winters v. Taylor, 333 Fed. Appx. 113, 117 (7th Cir. 2009) (holding that it was error to characterize the dismissal of a complaint on sovereign immunity grounds "as jurisdictional because sovereign immunity does not diminish a court's subject-matter jurisdiction") (quotations omitted). Having decided the Motion on the basis of sovereign immunity, the Court need not determine whether Wheeling's Complaint is barred by the Property and Supremacy Clauses of the Constitution.

## III. CONCLUSION

For the foregoing reasons, the USPS' motion to dismiss is granted.

IT IS SO ORDERED.

                                             ENTER:

                                             CHARLES RONALD NORGLE, Judge
                                             United States District Court

DATED: August 2, 2010